HARRY A. MILLER *vs.* ALEXANDER J. HART.

*Assumpsit—Affidavit of Demand ; Before Suit Entered—Practice— Statute.*

If at the time an affidavit of demand is made and filed no action had been brought, judgment will be refused.

(*September 18, 1901.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*George Lodge* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, September Term, 1901.

ACTION OF ASSUMPSIT, (No. 150, September Term, 1901). The *praecipe* was filed and suit docketed on September 6, 1901. Motion that judgment be refused, notwithstanding affidavit of demand.

The affidavit filed by the plaintiff was (omitting the caption) in the following form, to wit:

STATE OF DELAWARE, ⎫ *ss.*
NEW CASTLE COUNTY. ⎭

On this fifth day of September, A. D., 1901, before me, Francis S. Bradley, a Notary Public for the State of Delaware, personally appeared Harry A. Miller, the plaintiff above named, who, being by me duly sworn according to law, doth depose and say that hereunto annexed is a true and full copy of the book account which constitutes the cause of action in this suit; that the sum demanded is two hundred and ninety-six dollars and eighty cents, with interest from the twenty-seventh day of April, A. D., 1901,

and that said Harry A. Miller verily believes the same is justly and truly due.

HARRY A. MILLER,

*Plaintiff.*

Sworn to and subscribed the day and year aforesaid before me. Witness my hand and official seal.

(Notarial seal.)

FRANCIS S. BRADLEY,

*Notary Public.*

*William S. Hilles for defendant:*

The statute provides that in any action in the Superior Court the plaintiff may obtain judgment upon filing therein an affidavit of his cause of action.

It is submitted that the paper filed in this cause is not an affidavit, in that it was not made in a judicial proceeding. An affidavit must be made under such sanction and solemnity as will render the affiant guilty of perjury if the facts deposed to are known to him at the time to be false. No such charge could be made against the plaintiff in this case, because there was no proceeding pending at the time the affidavit was made.

As said by Longyear in *Blake Crusher Co. vs. Ward, Federal Cases, 1505,* as to the entitling of the affidavits as in a cause pending when no such suit was in existence at the time:

" By an unbroken current of decisions, some of which are cited below, in England and in this country, such affidavits are not entitled to be read or used for any purpose whatever. The best and main ground of their rejection is that there being no such cause in existence at the time the affiant could not be convicted of perjury if the affidavit is false."

*Haight vs. Turner, 2 Johnson, 371; Milliken vs. Selye, 3 Denio, 54, 56; State vs. Lamont, 2 Wis., 437, 441; 2 Bispham's Crim. Law, Sec. 1028.*

*Mr. Lodge* cited no authorities.

On September 23d the Court rendered the following decision:

LORE, C. J.:—The Court are unanimously of the opinion that we should refuse judgment in this case. There had been no action brought at the time the affidavit was made and filed.

Judgment refused.